**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRETT D. WHEELER,**

                      **Plaintiff,**

        v.                                                    **CASE NO. 19-3184-SAC**

**DEANNA GOOCH,**

                      **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

**I. Nature of the Matter before the Court**

Plaintiff Brett D. Wheeler commenced this pro se civil action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Lansing Correctional Facility in Lansing, Kansas. He names as the sole defendant Deanna Gooch, deputy clerk of the Jefferson County District Court (JCDC), and he sues her only in her individual capacity.

As the factual background for this complaint, Plaintiff alleges that on or around May 25, 2018, the JCDC Clerk's Office received a written request from Plaintiff, who was seeking to "purchase all Court records in their possession relating to the Plaintiff[']s girlfriend." (Doc. 1-1, p. 1.) The JCDC Clerk's Office did not respond. *Id.* On approximately June 6, 2018, the JCDC Clerk's Office received a second written request from Plaintiff for the same materials. *Id.* In a letter dated June 8, 2018, Defendant informed Plaintiff that the woman in question "has been in contact

1

with the court and is being provided with her records. Since these records do not pertain to you and you are in prison, the court will not be releasing her records to you." *Id.* at 2.

Plaintiff asserts that Defendant's actions violated his rights under Kansas' Open Records Act and his constitutional rights to due process and equal protection. *Id.* at 2. He appears to center his claim on an argument that Defendant acted maliciously and oppressively, citing *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1150 (D. Col. 2001), which states that "the Fourteenth Amendment protects citizens from the arbitrary, abusive, or oppressive use of governmental power." *Id.* Plaintiff seeks "nominal" damages from Defendant in the amount of $500,000.00 and punitive damages in the amount of $5,000,000.00. *Id.*

## II. Screening Standards

Because Plaintiff was a prisoner at the time he filed the complaint, the Court is required by statute to screen his complaint and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent,"

then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

The format in which Plaintiff filed his complaint leaves unclear the exact nature of his claims. Although Plaintiff filed a court-approved form, he did not fill in most of the form in detail, instead generally referring the Court to an attached memorandum of law. (Doc. 1, p. 2-5.) The memorandum of law consists of numbered paragraphs, although the numbers do not correspond to the numbered sections on the court-approved form. (Doc. 1-1.) The memorandum clearly sets out the factual assertions underlying the complaint, but it does not as clearly articulate the legal basis for Plaintiff's claims.

The court-approved form provides distinct places for a plaintiff to identify which "constitutional rights, privileges or immunities have been violated" for each of up to three counts. (Doc. 1, p. 3-4.) In each of these places, Plaintiff wrote only "See Memorandum of Law." *Id.* But the memorandum does not clearly identify a Count I, Count II, and Count III. (Doc. 1-1.) As noted above, the memorandum asserts that Defendant "violat[ed] the Plaintiff[']s United States Constitutional Right under the Fourteenth Amendment of Due Process of Law and Equal Protection of Law." (Doc. 1-1, p. 2.) In paragraph 12 of the memorandum, Plaintiff also refers to a

"Substantive Due Process Rights Claim." *Id.* Plaintiff also asserts that Defendant violated Kansas statutes. Id.

To the extent that Plaintiff bases his claims on the violation of Kansas statutes, he has failed to state grounds for relief under § 1983, which requires an alleged violation of federal law. "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution." *See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001)(citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)). Thus, any state-law-based claim is subject to dismissal.

Moreover, neither the negligent nor the unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional taking of property does not implicate due process clause where an adequate state post-deprivation remedy is available). Plaintiff states in his complaint that he is pursuing a civil case in state court based on the same facts that form the basis for this federal complaint. Thus, it appears that state law may provide an adequate post-deprivation remedy and any due process claim based solely on the violation of state law is subject to dismissal.

To the extent that Plaintiff directs the Court to Kansas state law simply to provide support for his claim that Defendant violated

5

his federal constitutional rights to procedural and substantive due process, those claims are also unclear. Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011) (citation omitted).

Even liberally construing the complaint and taking all facts within as true, Plaintiff does not identify the protected interest of which he was deprived without adequate procedural due process. As the United States Supreme Court has explained, "[t]he types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than 'an abstract need or desire,' and must be based on more than 'a unilateral hope.'" *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff also refers to a substantive due process claim. In order to state a viable substantive due process claim, Plaintiff must allege conduct that could plausibly be said to "shock the

6

conscience." *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). He "must do more than show that [Defendant] intentionally or recklessly caused injury to [him] by abusing or misusing government power." *See Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995). "[P]laintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* "[O]nly the most egregious official conduct meets this standard." *County of Sacramento*, 523 U.S. at 846. In his complaint, Plaintiff does not appear to allege any harm he suffered from the denial of another individual's court records, much less the type of conscience-shocking harm needed to sustain a substantive due process claim. Thus, unless Plaintiff alleges additional facts, any substantive due process claim is subject to dismissal.

Finally, with respect to the damages Plaintiff seeks, he characterizes his request for $500,000.00 as "nominal" damages. "'Nominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted).

Plaintiff also seeks punitive damages of $5,000,000.00. Punitive damages are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous

7

indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Even liberally construing the complaint and taking all factual allegations within as true, Plaintiff has not alleged that Defendant's conduct meets either of these standards. Thus, unless Plaintiff alleges additional facts showing Defendant's bad motive or reckless or callous indifference to Plaintiff's federally protected rights, the claim for punitive damages is subject to dismissal.

**IV.   Amended Complaint Required**

For the reasons stated herein, it appears that this action is subject to dismissal for failure to state a claim. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. Although Plaintiff may attach additional pages to the complaint as needed, he should not utilize the form merely to refer the Court to an attached memorandum of law.

In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Plaintiff may not simply refer to an

earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (19-3184) at the top of the first page of his amended complaint. He must allege sufficient additional facts to show that Defendant committed a federal constitutional or federal statutory violation. And Plaintiff should provide in the relevant portion of the form an update on the status of his related state-court civil case. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 29, 2021, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 29th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge